UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 AUG 28  AM 11: 50

CLERK

BY_____
DEPUTY CLERK

|  |  |  |
|---|---|---|
| JOHN DOE, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | Docket No. 1:15-cv-192 |
|  | ) |  |
| MIDDLEBURY COLLEGE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff John Doe ("plaintiff"), by and through his attorneys, hereby seeks authorization to proceed under a pseudonym in the above-captioned case.  In light of the serious nature of the allegations contained in the complaint, plaintiff is concerned about acts of reprisal that could prevent plaintiff from proceeding with his education, his career, or that could cause him physical or mental harm should his name be disclosed to the public.

Plaintiff has provided the Court, under seal, a signed copy of his affidavit that contains his true identity.  As grounds for this motion, plaintiff relies on the following Memorandum of Law.

### STATEMENT OF FACTS

At all times relevant to this case, plaintiff John Doe was a student at Middlebury College ("Middlebury"). (Compl. ¶ 13.)  In the fall of 2014, plaintiff participated in a study abroad program run by the School for International Training ("SIT"). (Compl. ¶ 19.)  SIT is an educational institution located in Brattleboro that is subject to the same laws and regulations as is

defendant Middlebury. (Compl. ¶ 17.)  SIT has its own set of policies and procedures that govern the conduct of students participating in its programs. (Compl. ¶ 38.)

   In November 2014, plaintiff had a consensual sexual encounter with another student on his trip, Jane Doe,[1] in the presence of a third student, Witness 1, who was Jane Doe's best friend and someone with whom plaintiff had been involved in a sexual relationship. (Compl. ¶ 22.)  The day after the encounter, Jane Doe alleged that the sex had not been consensual. (Compl. ¶ 35.)  Pursuant to its policies, SIT began an investigation and scheduled a hearing on Jane Doe's complaint. (Compl. ¶ 38.)  SIT immediately informed Middlebury of the allegation against plaintiff. (Compl. ¶ 42.)  SIT held an in-person hearing at its campus in Brattleboro in December of 2014. (Compl. ¶ 43.)  Plaintiff attended with counsel, Jane Doe attended with a victim advocate from her university. (Compl. ¶ 45.)  The parties presented written and photographic evidence, testified, and questioned one another. (Compl. ¶¶ 46-48.)  They each had the opportunity to question the only percipient witness to the claims, Witness 1. (Compl. ¶ 48.) After witnessing the testimony and considering all of the evidence, SIT determined that plaintiff had not committed sexual assault. (Compl. ¶ 60.)  Upon information and belief SIT notified Middlebury of this decision in mid-December 2014. (Compl. ¶ 60.)  Jane Doe did not appeal this decision. (Compl. ¶ 61.)

   In January 2015 Jane Doe contacted defendant Karen Guttentag ("Guttentag") and made the same allegations against plaintiff that SIT had already investigated, considered, and determined to be unfounded, and of which Middlebury was already fully aware. (Compl. ¶ 63.)  After being contacted by Jane Doe, however, Middlebury decided to investigate the claim

---

[1] Plaintiff intends to use a pseudonym for the complainant and witnesses in this case in order to protect their privacy as well as prevent identification of himself and the complainant.

pursuant to its own procedures. (Compl. ¶ 68.)  A non-exhaustive list of Middlebury's wrongful

actions during the second investigation into Jane Doe's claims includes: (1) Middlebury

instituted the second investigation in contravention of its policies and practices that do not permit

the wholesale re-litigation of the matter that had already been decided by SIT; (2) Middlebury

failed to comply with the timelines imposed by its own policies and by Title IX for the resolution

of complaints, including failure to articulate any good cause for taking more than six months to

resolve the case; (3) Middlebury failed to conduct a fair, impartial, or unbiased investigation;  (4)

Middlebury administrators crafted a false narrative of the case by cherry-picking evidence,

ignoring inconsistent statements by key witnesses, and in some cases inventing facts to make

plaintiff appear culpable; (5) Middlebury failed to accord plaintiff a presumption of innocence as

is required by the preponderance of the evidence standard; and (6) Middlebury failed to provide

any rationale or evidence to support its credibility determinations. (Compl. ¶¶ 5, 6, 79, 94, 104,

106.)  At the conclusion of the second investigation and adjudication process, Middlebury

Human Resources Officer Steven Collier ("Collier") determined that plaintiff had engaged in a

planned, premediated assault on Jane Doe, a theory of the case that even Jane Doe had never

advanced in either the first or second proceedings. (Compl. ¶ 102.) This finding was contrary to

the evidence, and was based on Middlebury's biased and unfair approach to investigating and

adjudicating claims of sexual misconduct. (Compl. ¶ 103.)  Middlebury expelled plaintiff.

(Compl. ¶ 135.)

As a result of Middlebury's actions, plaintiff's academic and employment career has been

ruined. (Compl. ¶ 150.)  He was scheduled to graduate Middlebury in the summer of 2016 and

has been offered employment with a company to begin in July 2016. (Compl. ¶¶ 141-142.)  That

offer is contingent upon him finishing his degree program before July 2016. (Compl. ¶ 142.)  It

is highly unlikely that, with an expulsion for sexual misconduct on his record, plaintiff will be able to finish his undergraduate degree at any institution of a similar quality to Middlebury. (Compl. ¶ 147.) Without a college degree he will be unable to pursue graduate studies or employment in the field for which he has been studying. (Compl. ¶¶ 148, 150.)

Without appropriate redress from the Court, plaintiff will continue to suffer these and other harms. (Compl. ¶ 150.)  Plaintiff seeks redress from the Court to undo the harms Middlebury and the other defendants have caused, and he should be allowed to do so under a pseudonym so as not to occasion the very harm he is trying to undo.

## ARGUMENT

In *Sealed Plaintiff v. Sealed Defendant# 1*, 537 F. 3d 185 (2d Cir. 2008), the Second Circuit explained that the decision as to whether a plaintiff may proceed pseudonymously requires a balancing of the plaintiff's interest in anonymity with the public interest in disclosure, and any prejudice to the defendant. *Id.* at 189. The Court put forth a non-exhaustive list of ten factors to consider in conducting this balancing, all but one of which counsel in favor of plaintiff's motion to proceed under pseudonym in this case.

1. This litigation involves highly sensitive matters

The first factor the Second Circuit considers is "whether the litigation involves matters that are 'highly sensitive and [of a] personal nature.'" *Id.* at 190.  This case deals with one of the most highly sensitive and personal topics litigation can address – the sexual conduct of two people. *See Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects"); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[M]any courts have held that, in lawsuits centering around sexual activity

and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm.").

2.   Identification poses risks to plaintiff and the complainant

The second factor is "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190.  If plaintiff is identified, he risks retaliatory physical and mental harm from those who may believe complainant's allegations.  Recent high-profile cases at Columbia University and Brown University demonstrate the virulence towards college men accused of sexual misconduct when they are publicly identified, and if plaintiff's identity is disclosed he is likely to be the target of similar threats, harassment, and intimidation (both on the internet and possibly in person) as were those men.

Moreover, identifying the plaintiff poses a significant risk that the complainant will also be identified.  There were only eleven students on plaintiff and Jane Doe's study abroad program.  Most of them came from different colleges in the U.S.  Identifying any one person on the trip would make it easy to identify Jane Doe, who was the only student from her college participating in the trip.  Presumably, identifying Jane Doe as a complainant in a sexual assault case would occasion publicity and scrutiny of her sexual interactions that could cause her harm.  Concealing plaintiff's identity, as well as the identities of the other students on the trip, will greatly reduce the chance that Jane Doe will be identified.

3.   Identification would incur the very injury plaintiff litigates against

The third factor is "whether identification presents other harms and the likely severity of those harms, . . . including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'" *Sealed Plaintiff*, 537 F.3d at 190.  Plaintiff challenges

Middlebury's erroneous and unlawful determination that he committed sexual assault. A significant harm that flows from Middlebury's illegal actions is the association of plaintiff's name with sexual assault, and the attendant educational and employment losses that will follow from being identified as a sexual assailant. Were plaintiff to be identified in this litigation, he would suffer the harm of having Jane Doe's accusations against him become public knowledge. Even if plaintiff prevails on his claims, and the Court determines that Middlebury did not have the authority to investigate the allegations against him and that when they did investigate they did so in an unfair and biased manner, plaintiff's name will nonetheless be forever linked with a case about sexual assault. Because that is precisely one of the harms plaintiff seeks to challenge in this suit, disclosing his name is not appropriate. *See, e.g.*, *Doe v. Town of Madison,* No. CIVA3:09-CV-2005JCH, 2010 WL 1330411, at *2 (D. Conn. Mar. 31, 2010) (finding where plaintiff challenged the erroneous public release of his name where a statute protected names of youthful offenders from publication, requiring him to proceed under his name would subvert the purpose of the litigation). *See also Doe v. Cabrera,* 307 F.R.D. at 6-7 ("[C]ompelling the plaintiff to identify her name on every court filing would make the plaintiff's name indefinitely available to the public. Having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case. . . . Although the Court appreciates the public benefits of the Internet, it has the unfortunate drawback of providing an avenue for harassing people as well.") (internal citation omitted).

4. Because plaintiff is not a minor, the consideration related to age and vulnerability does not apply in the instant case

The fourth factor the Second Circuit identified in *Sealed Plaintiff* is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of his age."

Courts have interpreted this factor to offer greater anonymity to minor plaintiffs. This factor therefore does not apply to plaintiff's case.

5. <u>Anonymity is appropriate because plaintiff challenges private rather than government action</u>

A fifth factor that weighs in plaintiff's favor is "whether the suit is challenging the actions of the government or that of private parties." *Sealed Plaintiff*, 537 F.3d at 190. As courts in this circuit have noted, when a plaintiff challenges the government there is more of a public interest in having a public proceeding. *See Doe v. Greiner,* 662 F. Supp. 2d 355, 361 (S.D.N.Y. 2009) ("Petitioner challenges the actions of the prosecutor and the state court system, as well as the performance of his appointed counsel. There is a strong interest in airing and resolving these issues in public proceedings, as recognized by the fifth factor named in *Sealed Plaintiff*"); *Doe v. Univ. of Connecticut,* No. 3:09 CV 1071 JGM, 2013 WL 4504299, at *28 (D. Conn. Aug. 22, 2013) (finding more public interest in the case because the university in question was a state school).

Where courts have found that that suits against private parties are *less* entitled to anonymity than those against the government, their concern has been the reputational harm that individual defendants incur as a result of being named in a lawsuit, and the inequality of allowing one individual party to incur that harm but not the other. *See Doe v. Cabrera*, 307 F.R.D. at 8 ("This factor weighs against allowing the plaintiff to use a pseudonym because the defendant is a private litigant, who undoubtedly has concerns about his reputation."); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007) (finding, in a suit against school district and individual administrators for sexual assault by other students, "because Thomas, Antoine, and Granger, have valid concerns regarding the impact of this case on their individual reputations, this factor weighs against allowing anonymity."); *Doe v. Shakur*, 164

F.R.D. 359, 361 (S.D.N.Y. 1996) ("If plaintiff were permitted to prosecute this case anonymously, Shakur would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity."). In contrast to these cases, plaintiff has not sued any individual Middlebury administrators, he sues only the college itself. Though technically a private institution, the college is unlikely to suffer reputational harm simply from being the defendant in a lawsuit (which it has been in numerous suits over the years, including those challenging disciplinary actions), than would an individual defendant.

6. The defendant is not prejudiced by allowing the plaintiff to proceed anonymously

Another factor the Second Circuit identified is "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." *Sealed Plaintiff*, 537 F.3d at 190. There is no prejudice to Middlebury if plaintiff proceeds anonymously. Middlebury knows the plaintiff's identity and allowing him to proceed under a pseudonym will not inhibit Middlebury's ability to investigate or defend against the claims or to conduct discovery in this case. *Doe v. Cabrera*, 307 F.R.D. at 8 ("Courts generally find little to no risk of unfairness to an accused defendant in sexual assault cases where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously."); *EW v. New York Blood Ctr.*, 213 F.R.D. at 112 ("defendant has not identified any prejudice to its ability to conduct discovery or try the matter if [the] plaintiff were to proceed under a pseudonym").

Furthermore, this is not a case where plaintiff is protecting his own private information but disclosing that of the defendant. The case revolves around Middlebury's policies and

practices, and their implementation of those policies and practices in plaintiff's case.  There is

nothing private or embarrassing about disclosure of those policies and how Middlebury has used

them.  *Contrast Anonymous v. Simon*, No. 13 CIV. 2927 RWS, 2014 WL 819122, at *2

(S.D.N.Y. Mar. 3, 2014) (finding prejudice to the defendant where plaintiff alleged she

contracted a sexually transmitted infection from him and named him but attempted to keep her

own identity anonymous); *Cf. Doe v. Univ. of Connecticut*, No. 3:09 CV 1071 JGM, 2013 WL

4504299, at *28 (D. Conn. Aug. 22, 2013) (allowing plaintiff to proceed under pseudonym even

though defendant university was named, but where individual alleged to have committed illegal

acts was also given a pseudonym).

    7.  <u>The plaintiff's name has thus far been kept confidential</u>

      A seventh factor is "whether the plaintiff's identity has thus far been kept confidential."

*Sealed Plaintiff*, 537 F.3d at 190.  To date plaintiff's identity has been kept entirely confidential.

The disciplinary proceedings at SIT and Middlebury were kept confidential; upon information

and belief, plaintiff's identity was known only to those who participated in the proceedings. This

factor strongly favors allowing him to proceed by pseudonym. *Contrast Doe v. Greiner*, 662 F.

Supp. 2d 355, 361 (S.D.N.Y. 2009) ("Petitioner filed this petition using his own name and did

not suggest a change in the caption until 2007, when he returned to federal court after the

resolution of his C.P.L. § 440 motion."); *Klein v. City of New York*, No. 10 CIV. 9568 LAK JLC,

2011 WL 3370402, at *1 (S.D.N.Y. Aug. 3, 2011) (where litigant's name already used in some

pleadings confidentiality already lost); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996)

(denying a motion to proceed under pseudonym in a civil case for sexual assault, noting

"plaintiff has conceded that the press has known her name for some time. Indeed, plaintiff makes

it clear that the press has been aware of both her residence and her place of employment. Hence, her identity is not unknown.").

8. <u>The public's interest in this case is not furthered by disclosure of plaintiff's name</u>

The Second Circuit also considers "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190. In this case the public's interest in the litigation will not be furthered by disclosure of plaintiff's identity. The lawsuit raises questions of law about whether Middlebury's practice of hearing already-adjudicated disciplinary cases *de novo* is fair or lawful, and whether the manner in which it prosecutes these cases is fair or lawful. These questions are not only applicable to plaintiff, but to all Middlebury students who study abroad and potentially face discipline by their study abroad programs.

9. <u>The issues presented are purely legal and there is no public interest in knowing plaintiff's identity</u>

Similar to the previous factor, another consideration is "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities." *Sealed Plaintiff*, 537 F.3d at 190. For the reasons described above, there is an atypically weak public interest in knowing plaintiff's identity. The questions at issue in this case are legal and do not depend on specific facts related to the plaintiff's identity. *See Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) ("where a lawsuit is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process."). *See also Whistleblower 14106-10W v. C.I.R.*, 137 T.C. 183, 205 (2011) ("Because we have held that respondent is entitled to summary judgment on a threshold legal issue which does not depend to any appreciable extent

on petitioner's identity, we believe that the public's interest in knowing petitioner's identity is relatively weak.").

10. <u>There is no other method to protect the plaintiff's confidentiality</u>

Finally, the court should consider "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. There is no way to protect the plaintiff's confidentiality, and prevent him from incurring the harm of being labeled as someone accused of sexual assault other than to allow him to proceed under a pseudonym. Unlike cases where there are specific facts that the plaintiff wants to keep confidential, and which thus can be addressed through limited sealing of documents, the fact that must be kept confidential in order to protect the plaintiff is his identity. *Contrast Anonymous v. Medco Health Solutions, Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (Rejecting the plaintiff's claim that identifying him in the litigation would disclose his personal health information to the public, because the sensitive health information could be redacted as it arose in pleadings).

## CONCLUSION

All but one of the factors the Second Circuit considered in *Sealed Plaintiff* weigh in favor of the plaintiff's motion to proceed under a pseudonym. He faces significant risk of injury if his identity is disclosed, and neither the defendant nor the public suffers any harm from his identity remaining confidential in this proceeding.

For the foregoing reasons, the plaintiff respectfully requests that this court grant his motion to proceed under pseudonym. Plaintiff requests oral argument.

Date: August 28, 2015

Respectfully submitted,

LISA B. SHELKROT

LANGROCK SPERRY & WOOL, LLP
210 College Street
PO Box 721
Burlington VT 05402
(802) 864-0217
LShelkrot@langrock.com

MONICA SHAH (Mass. Bar. No. 664745)
NAOMI SHATZ (Mass. Bar. No. 677637)
ZALKIND DUNCAN & BERNSTEIN LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020 (telephone)
(617) 742-3269 (fax)
mshah@zalkindlaw.com
nshatz@zalkindlaw.com
*Motions for admission pro hac vice pending*

*Attorneys for plaintiff John Doe*


## Certification Pursuant to L.R. 7.0(a)(7)

I hereby certify that I have conferred with Jeffrey Nolan, counsel for defendant Middlebury College, in an attempt to obtain assent to this motion. Defendant Middlebury College does not assent to this motion.

Monica Shah

## Certificate of Service

I have served the foregoing document on the following counsel, who is authorized to accept service for Middlebury College, by e-mail: Jeffrey J. Nolan. Dinse Knapp & McAndrew, P.C., P.O. Box 988, 209 Battery Street, Burlington, Vermont 05402 (jnolan@dinse.com).